UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CLIVE R.,** | Civil Action No. 18-13362 (SDW) |
| Petitioner, | |
| v. | **OPINION** |
| **JOHN TSOUKARIS, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Clive R., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the appropriate filing fee, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will deny the petition without prejudice.

**I. BACKGROUND**

On or about September 4, 2018, Petitioner, Clive R., filed a petition for a writ of habeas corpus in this Court challenging his ongoing immigration detention. (ECF No. 1). This is not Petitioner's first habeas petition directed at his detention pending removal from the United States. Indeed, Petitioner's current petition is a carbon copy of a brief Petitioner filed in his previous habeas petition, with the only difference being that Petitioner has crossed out the original dates associated with his signature lines and replaced them with new dates. (ECF No. 1; *cf.* Docket No.

1

17-11592 at ECF No. 9). In denying Petitioner's previous petition, this Court provided the following summary of the background of Petitioner's detention:

> Petitioner . . . is a native and citizen of the United Kingdom who was originally admitted into the United States in March 1975 as a legal permanent resident. Following a considerable criminal history culminating in charges of possession of cocaine with intent to distribute in 2006, Petitioner was issued a notice to appear for removal proceedings in June 2014. That notice, however, was not served on Petitioner until March 2016 as Petitioner had been in state custody at the time the notice to appear was issued. Petitioner was thereafter ordered removed in November 2016, but that removal order was reversed and remanded by the Board of Immigration Appeals ("BIA") in March 2017.
>
> While Petitioner was litigating his removal proceedings, however, he filed with a petition for a writ of habeas corpus in this district arguing that his detention had become prolonged and therefore violated his Due Process rights. On April 17, 2017, Judge Linares granted that petition as the Government did not oppose the granting of a bond hearing and ordered an immigration judge to conduct a bond hearing for Petitioner. Following a bond hearing, however, the immigration judge denied bond as the immigration judge determined that Petitioner was a flight risk and danger to the community based on his considerable criminal history. Petitioner appealed that decision, but the BIA affirmed the denial of bond. After immigration officials determined that Petitioner was now being held pursuant to their discretionary authority after the granting of Petitioner's habeas petition, Petitioner was thereafter provided another bond hearing, but bond was again denied on May 18, 2017. Petitioner filed a late notice of appeal as to that decision, and BIA therefore dismissed his attempt to appeal. Petitioner thereafter requested a bond redetermination, but that redetermination was also denied on October 3, 2017.
>
> Petitioner's removal proceedings continued throughout the bond litigation period. On December 11, 2017, however, an immigration judge ordered Petitioner removed to the United Kingdom, and denied Petitioner various other forms of relief including asylum, withholding of removal, relief under the Convention Against Torture, and deferral of removal. Petitioner timely appealed. On April 20, 2018, however, the BIA affirmed the denial of relief and order of removal and dismissed Petitioner's appeal. Petitioner is therefore now subject to a final order of

> removal. It does not appear that Petitioner has filed an appeal with
> the Court of Appeals or sought a stay of removal since April 2018.

(Docket No. 17-11592 at ECF No. 13 at 1-3, internal record citations omitted). Based on Petitioner's final order of removal, this Court denied Petitioner's previous habeas petition without prejudice on May 23, 2018. (Docket No. 17-11592 at ECF Nos. 13-14).

Several months later, Petitioner filed his current petition. (ECF No. 1). Petitioner does not allege in his current petition that he appealed the BIA's denial of his appeal, nor that he has received a stay of removal, nor does Petitioner's current petition present any new information. (*Id.*). Given that his current petition is a veritable carbon copy of a filing made in Petitioner's previous case, this is not surprising - the original document Petitioner has copied for his current submission was submitted at or about the time Petitioner received his final order of removal. (*See* Docket No. 17-11592 at ECF No. 9 at 25-26; *see also* ECF No. 1 at 23-24).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

3

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

Although Petitioner once again asserts that he is currently being held pursuant to either 8 U.S.C. § 1226(a) or (c), he has alleged no new facts which would contradict the fact that he is currently subject to a final order of removal issued less than five months ago in April 2018. While § 1226 governs the detention of aliens such as Petitioner during their removal proceedings, once such an alien has received a final order of removal, he is no longer subject to § 1226 detention and instead the basis for his detention becomes 8 U.S.C. § 1231(a). *See, e.g., Leslie v. Att'y Gen.*, 678 F.3d 265, 268-69 (3d Cir. 2012). Because Petitioner has been subject to a final order of removal since the BIA affirmed and dismissed his appeal of his removal order in April 2018, and because Petitioner has not asserted that he has sought or been granted a stay from the Court of appeals, Petitioner is currently detained pursuant to § 1231(a), [1] *Id.*, and any challenge Petitioner may have

---

[1] In a letter this Court received a few days after the habeas petition was filed, Petitioner asserts that he believes he still has an application for withholding of removal pending before the Board of Immigration Appeals insomuch as he believes that the Government was incorrect in asserting in Petitioner's previous habeas case that the BIA's dismissal of his appeal also decided his appeal as to the denial of withholding of removal. (*See* ECF No. 3). In issuing Petitioner's final order of removal by dismissing Petitioner's appeal, the Board of Immigration Appeals, however, specifically stated that Petitioner had been found ineligible for withholding of removal, and had "raised no substantive challenge to this determination." (*See* Docket No. 17-11592 at Document 1 attached to ECF No. 12 at 1 n. 1). Although Petitioner appears to believe that his appeal of the

4

had regarding his detention under § 1226(a) or (c) is effectively moot as he is no longer detained under either subsection of § 1226. *See, e.g., Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (entry of final order of removal in the form of dismissal of appeal by the BIA renders challenges to pre-final order detention under § 1226 moot). Because Petitioner is detained pursuant to § 1231(a), he could only establish that he is entitled to relief from immigration detention by meeting the requirements set out by the Supreme Court in *Zadvydas*.

As this Court previously explained to Petitioner,

> In *Zadvydas*, the Supreme Court observed that § 1231(a) commands the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The Court then held that the statute does not limit post-removal order detention to this ninety day period – instead the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these determinations and the Court's observations regarding the ordinary course and length of removal proceedings, the Court in ultimately determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701. Even where an alien's detention exceeds this presumptively reasonable period, however, the alien does not automatically become entitled to relief from

---

denial of his withholding of removal application has not yet been decided, the BIA's dismissal of his appeal explicitly stated that it was not only a decision as to his appeal of his order of removal, but also a decision as to his appeals of the denial of "[a]sylum[,] withholding of removal[, and relief under the] Convention Against Torture." (*Id.* at 1). Petitioner thus appears to be mistaken as to the breadth of the BIA's dismissal of his appeal, and it fully appears that his order of removal is administratively final. If Petitioner has filed a new filing with the Board, and Petitioner can show that either the Board, an immigration judge, or the Third Circuit has *actually* reopened his removal proceedings for further discussion of his withholding of removal petition, Petitioner is free to file a new habeas petition which explicitly states when and how Petitioner's removal proceedings were reopened. In any event, based on the April 20, 2016, decision of the Board, the record of Petitioner's immigration proceedings indicates that Petitioner is subject to an administratively final order of removal, and Petitioner has failed to allege any facts indicating that that order has been reopened, rescinded, or otherwise overturned. Petitioner is therefore detained pursuant to § 1231(a).

5

> immigration detention. Under *Zadvydas*, once the six month period expires, an alien seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien meets this initial burden, the Government can establish its continued authority to detain only if the Government can rebut his evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

(Docket No. 17-11592 at ECF No. 13 at 4-5).

In this matter, Petitioner received his administratively final order of removal when the BIA dismissed his appeal on April 20, 2018. Since that time, Petitioner has been detained pursuant to § 1231(a) for less than five months. He is thus well within the six-month presumptively reasonable period provided by *Zadvydas*, and this Court must therefore presume his continued detention to be reasonable and constitutionally permissible. 501 U.S. at 701. Because Petitioner's current detention is presumptively reasonable, Petitioner is not entitled to relief and his habeas petition is therefore denied.

**III. CONCLUSION**

For the reasons expressed above, this Court denies Petitioner's habeas petition (ECF No. 1) without prejudice. An appropriate order follows.

Dated: September 10, 2018                         *s/ Susan D. Wigenton*
                                                                           Hon. Susan D. Wigenton,
                                                                           United States District Judge